```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK

------------------------------x
                              :
LYUDMILA POLYAK               :    Civil No. 1:17CV00215 (HBF)
                              :
v.                            :
                              :
NANCY A. BERRYHILL, ACTING    :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION                :
                              :
------------------------------x
```

## RULING ON CROSS MOTIONS

Plaintiff Lyudmila Polyak brings this action pursuant to 42 U.S.C. §405(g), seeking review of a final decision of the Commissioner of Social Security which denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §401 et seq. ("the Act"). Plaintiff has moved to reverse or remand the case for a rehearing. The Commissioner has moved to affirm.

For the reasons set forth below, plaintiff's Motion for Judgment on the Pleadings **[Doc. #1]** is **GRANTED** in part and **DENIED** in part. Defendant's Motion and Motion for Judgment on the Pleadings **[Doc. #18]** is **DENIED**.

## I. ADMINISTRATIVE PROCEEDINGS

The procedural history of this case is not disputed. Plaintiff protectively filed an application for DIB benefits on

1

June 3, 2013 and SSI benefits on June 28, 2013, alleging disability as of May 21, 2013. [Certified Transcript of the Record, Compiled on May 20, 2017, Doc. #7 (hereinafter "Tr.") 16, 205-11; 212-18]. Plaintiff alleged disability due to a dislocated hip and other hip problems, depression, panic attacks, and leg problems. [Tr. 232]. Her applications were was denied on September 20, 2013. [Tr. 150-55]. Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ") on September 26, 2013. [Tr. 156-58].

On June 23, 2015, Administrative Law Judge ("ALJ") Stephen Cordovani held a hearing, at which plaintiff appeared with an attorney and testified. [Tr. 31-66]. Vocational Expert ("VD") Josiah L. Pearson also testified at the hearing. [Tr. 57-64]. On October 13, 2015, the ALJ found that plaintiff was not disabled, and denied her claim. [Tr. 13-30]. Plaintiff filed a timely request for review of the hearing decision on October 29, 2015. [Tr. 8-11]. On February 16, 2017, the Appeals Council denied review, thereby rendering ALJ Glazer's decision the final decision of the Commissioner. [Tr. 1-4]. The case is now ripe for review under 42 U.S.C. §405(g).

Plaintiff, represented by counsel, timely filed this action for review and moves to reverse and/or remand the Commissioner's decision.

## II. STANDARD OF REVIEW

The review of a social security disability determination involves two levels of inquiry. First, the Court must decide whether the Commissioner applied the correct legal principles in making the determination. Second, the Court must decide whether the determination is supported by substantial evidence. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983) (citation omitted).

The Court does not reach the second stage of review – evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly. See Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of

the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984) (alteration added) (citation omitted). The ALJ is free to accept or reject the testimony of any witness, but a "finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988) (citation omitted). "Moreover, when a finding is potentially dispositive on the issue of disability, there must be enough discussion to enable a reviewing court to determine whether substantial evidence exists to support that finding." Johnston v. Colvin, Civil Action No. 3:13-CV-00073(JCH), 2014 WL 1304715, at *6 (D. Conn. Mar. 31, 2014) (internal citations omitted).

It is important to note that in reviewing the ALJ's decision, this Court's role is not to start from scratch. "In reviewing a final decision of the SSA, this Court is limited to

4

determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (citations and internal quotation marks omitted). "[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013)(citations omitted).

**III. SSA LEGAL STANDARD**

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits.

To be considered disabled under the Act and therefore entitled to benefits, Ms. Polyak must demonstrate that she is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Such impairment or impairments must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A); see also 20 C.F.R.

§404.1520(c)(requiring that the impairment "significantly limit[] ... physical or mental ability to do basic work activities" to be considered "severe").[1]

There is a familiar five-step analysis used to determine if a person is disabled. See 20 C.F.R. §404.1520(a)(4). In the Second Circuit, the test is described as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). If and only if the claimant does not have a listed impairment, the Commissioner engages in the fourth and fifth steps:

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work

---

[1] DIB and SSI regulations cited herein are virtually identical. The parallel SSI regulations are found at 20 C.F.R. §416.901 et seq., corresponding to the last two digits of the DIB cites (e.g., 20 C.F.R. §404.1520 corresponds with 20 C.F.R. §416.920).

6

>     which the claimant could perform. Under the cases
>     previously discussed, the claimant bears the burden of
>     proof as to the first four steps, while the Secretary
>     must prove the final one.

Id.

"Through the fourth step, the claimant carries the burdens of production and persuasion, but if the analysis proceeds to the fifth step, there is a limited shift in the burden of proof and the Commissioner is obligated to demonstrate that jobs exist in the national or local economies that the claimant can perform given his residual functional capacity." Gonzalez ex rel. Guzman v. Dep't of Health and Human Serv., 360 F. App'x 240, 243 (2d Cir. 2010) (citing 68 Fed. Reg. 51155 (Aug. 26, 2003)); Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam)). "Residual functional capacity" is what a person is still capable of doing despite limitations resulting from his physical and mental impairments. See 20 C.F.R. §§404.1545(a), 416.945(a)(1).

"In assessing disability, factors to be considered are (1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978) (citation omitted). "[E]ligibility for benefits is to be determined in light of the fact that the Social Security Act is a remedial

statute to be broadly construed and liberally applied." Id. (citation and internal quotation marks omitted).

**IV. THE ALJ'S DECISION**

Following the above-described five step evaluation process, ALJ Glazer concluded that plaintiff was not disabled under the Social Security Act. [Tr. 13-30]. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 21, 2013, the alleged onset date.[2] [Tr. 18].

At step two, the ALJ found that plaintiff had degenerative joint disease of the left hip, status post open reduction and internal fixation; asthma, depressive disorder, and panic disorder with agoraphobia, all of which are severe impairments under the Act and regulations. Id.

At step three, the ALJ found that plaintiff's impairments, either alone or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. [Tr. 19-21]. The ALJ specifically considered Listings 1.00 (musculoskeletal system), 3.00 (respiratory) and 12.00 (mental disorders). [Tr. 19-21]. The ALJ also conducted a psychiatric review technique and found that plaintiff had a no restriction in activities of daily living;

---

[2] SSI benefits are not payable for any period prior to the month after the application is filed. See 42 U.S.C. §1382(c)(7); 20 C.F.R. §§416.335, 416.501.

8

moderate difficulties in social functioning; and concentration, persistence or pace. [Tr. 20]. The ALJ found no episodes of decompensation. [Tr. 20].

Before moving on to step four, the ALJ found plaintiff had the RFC

> to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except that walking and standing are limited to no more than 15 minutes at one time. The claimant cannot work at unprotected heights; can occasionally climb ramps, stairs, and balance; can never kneel, crouch, or crawl; can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants; is able to work in a low stress work environment (i.e. she can understand, remember and carry out simple instructions and tasks with no supervisory duties, no independent decision-making required, no strict production quotas, and only minimal changes in work routine and processes, etc.); can have frequent interaction with supervisors; can have occasional interaction with co-workers; and can have no or only incidental interaction with the general public.

[Tr. 21-24].

At step four, the ALJ found plaintiff was unable to perform any past relevant work. [Tr. 24]. At step five, after considering plaintiff's age, education, work experience and RFC, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform. [Tr. 24-25].

## V. DISCUSSION

Plaintiff makes two arguments in support of her position that the ALJ's decision should be reversed and/or remanded. The Court will address these arguments in turn.

**Application of the Borderline Age Rule**

When making a disability determination, an ALJ must "consider [the claimant's] chronological age in combination with her residual functional capacity, education, and work experience." 20 C.F.R. § 404.1563(a), 416.963(a). Because the SSA considers "advancing age to be an increasingly limiting factor in the person's ability" to adjust to other work, the grids provide for three distinct age categories: (1) "younger person," meaning an individual between the ages 18 and 49; (2) "person closely approaching advanced age," meaning an individual between the ages 50 and 54; and (3) "person of advanced age." meaning an individual 55 years of age and over. 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e). "The distinction between being classified as a 'younger person' and being classified as a 'person closely approaching advanced age' can be dispositive in determining whether an individual qualifies as disabled." Grace v. Astrue, No. 11 Civ. 9162 (ALC)(MHD), 2013 WL 4010271, at *24 (S.D.N.Y. July 31, 2013)(citations omitted).

The application of the age categories should not be rigid, and instead, the Regulations instruct:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. §§404.1563(b), 416.963(b); Grace, 2013 WL 4010271, at *24 ("[C]ase law focusing on this issue is decisive. Mechanical application of the age criteria...is not appropriate in borderline cases.")(quoting Hill v. Sullivan, 769 F. Supp. 467, 470 (W.D.N.Y. 1991).

Plaintiff argues that the ALJ erred in mechanically applying the age criteria of the Medical-Vocational Guidelines. She maintains that she should be considered a "borderline" case because she was just four months and seven days shy of her 50th birthday, which would move her into the "closely approaching advanced age" category.

Some courts have interpreted the phrase "within a few days to a few months of reaching an older age category" to mean up to six months of reaching an older age category, while other courts have held that three months is the outer limit. Compare, Smolinski v. Astrue, No. 07-CV-386S, 2008 WL 4287819, at *4 (W.D.N.Y. Sept. 17, 2008) ("Among the district courts in the Second Circuit, three months appears to delineate the outer limits of 'a few months.'") (citing cases) with Rodriguez v.

Comm'r of Soc. Sec., No. 15-CV-6596 (ALC), 2016 WL 5660410, at *8 (S.D.N.Y. Sept. 30, 2016) ("Although the regulations do not clearly define the outer limits of a borderline situation, several courts have held that a period of up to six months is within the rule[.]")(citation omitted).

Here, the ALJ had to decide whether, for purposes of DIB, plaintiff was disabled on or before her date last insured, June 30, 2014, and whether, for purposes of SSI benefits, plaintiff was disabled at any time between the date of her application, June 28, 2013, and the date of the ALJ's decision, October 13, 2015.[3]

The data used to calculate a claimant's age differs when applied to DIB under Title II of the Act and SSI under Title XVI of the act. The date that should be used in DIB cases is the date last insured, while the date applied in SSI cases is the date of the ALJ's ruling. Woods v. Colvin, 218 F. Supp. 3d 204, 208 (W.D.N.Y. 2016)(citing Torres v. Comm'r of Soc. Sec., No. 14-CV-6438, 2015 WL 5444888, at *10 n.4 (W.D.N.Y. Sept. 15, 2015) and Koszuta v. Colvin, NO. 14-CV-694-JTC, 2016 WL 82445, at *2 (W.D.N.Y. Mar. 3, 2016)).

---

[3] See Frye ex rel A.O. v. Astrue, 485 F. App'x 484, 485 n.1 (2d Cir. Jun. 13, 2012 (noting that the relevant time period for a SSI benefits application is "the date the SSI application was filed, to...the date of the ALJ's decision.").

For purposes of DIB, plaintiff, who was born in February 1966, was 48 years old on June 30, 2014, her date last insured, and thus a "younger individual," which classified her as "not disabled" under the grids, Rule 201.18. This does not present a "borderline situation," since plaintiff would not turn 50 until one year and eight months after her date last insured. Accordingly, the ALJ did not err in his application of the grids for DIB and plaintiff's borderline age argument only applies to her claim for SSI benefits.

The application of the age criteria is a closer call when considering whether to award SSI benefits. On the date of the ALJ's decision, plaintiff was 4 months and seven days shy of her 50th birthday. Plaintiff argues that the ALJ failed to comply with the Regulations by failing to consider whether to use the older age category in a "borderline situation" where using the older age category would result in a determination that she was disabled. Specifically, she argues that had the ALJ used the older age category of "person closely approaching advanced age," the ALJ would have found her to be disabled pursuant to 201.09, of the Medical-Vocational Guidelines, which provides that an individual in that age category is disabled if she has a "limited education [Tr. 24], had no transferrable skills from her past unskilled work [Tr. 24], and is unable to perform her past relevant work. [Tr. 24]." [Doc. #17-1 at 17]. According to

13

Plaintiff, remand is necessary for calculation of SSI benefits as of October 13, 2015.

The Commissioner contends that plaintiff's age as of the date of the ALJ's decision does not qualify as a "borderline age situation," citing <u>Smolinski v. Astrue</u>, No. 07-CV-386S, 2008 WL 4287819, at *4 (W.D.N.Y. Sept. 17, 2008)("Among the district courts in the Second Circuit, three months appears to delineate the outer limits of 'a few months.'")(citing cases all predating 2008). Since 2008, several courts in this circuit have weighed in with various results.

"The regulations do not provide any bright-line rule for determining which cases are 'borderline.'" <u>Woods</u>, 218 F. Supp. 3d at 208. However, "[m]ost district courts within the Second Circuit follow the HALLEX and hold that a period of up to six months is borderline." <u>Id.</u> 218 F. Supp. 2d at 209. The SSA's Hearings, Appeal and Litigation Law Manual ("HALLEX") provides:

> SSA does not have a precise programmatic definition for the phrase "within a few days to a few months." The word "few" should be defined using its ordinary meaning, e.g., a small number. Generally, SSA considers a few days to a few months to mean a period not to exceed six months.

HALLEX I-2-2-42, BORDERLINE AGE, 2016 WL 1167001, at *1 (S.S.A. Mar. 25, 2016); <u>see</u> <u>Rodriguez</u>, 2016 WL 5660410, at *8 ("Although the regulations do not clearly define the outer limits of a borderline situation, several courts have held that a period of

14

up to six months is within the rule[.]")(quoting Koszuta, 2016 WL 824445, at *2 (collecting cases)) (internal quotation marks and citation omitted); Woods, 216 F. Supp. 3d at 208 (49 years and 7 months is "close enough to age 50 to be considered 'borderline.'").

For purposes of plaintiff's SSI claim, it is apparent from the case law that a borderline situation does exist. As plaintiff was four months and seven days from her 50th birthday, the ALJ should have considered whether it was more appropriate to consider plaintiff in the "closely approaching advanced age" category. The ALJ's failure to consider the borderline age situation and determine whether the higher age category should be applied merits remand for proper consideration. See Woods, 218 F. Supp. 3d at 207 ("If a claimant's age is 'borderline' and the ALJ fails to consider whether the higher age category should be used, remand is warranted so long as a higher age category would entitle the claimant to benefits."); Koszuta, 2016 WL 824445, at *2 (finding remand appropriate where the ALJ failed to consider the borderline age situation, which would have required him to consider and make additional findings on issues such as transferability of work skills in order to determine whether Plaintiff was disabled); Jerome v. Astrue, No. 2:08-CV-98, 2009 WL 3757012, at *13 (D. Vt. Nov. 6, 2009) (finding the ALJ's mechanical application of the Medical-Vocational

Guidelines unsupported by substantial evidence where he failed to consider whether a borderline age situation existed); Waldvogel v. Comm'r of Soc. Sec., No. 6:16-CV-0868 (GTS), 2017 WL 3995590, at *12 (N.D.N.Y. Sept. 11, 2017)("Pursuant to the guidance from our sister courts discussed above, the ALJ's failure to consider the borderline age situation and determine whether the higher age category should have been applied under the circumstances would therefore be error meriting remand for proper consideration of the borderline age situation."); Grace, 2013 WL 4010271, at *24 ("In light of Mr. Grace's apparent borderline age, the ALJ should have addressed whether classifying him as a "person closely approaching advanced age" was appropriate and whether it would have altered the outcome of his application.").

Accordingly, the Court finds in favor of plaintiff on this claim of error and remands the case for further consideration.

**VI. CONCLUSION**

For the reasons stated, plaintiff's Motion for Judgment on the Pleadings **[Doc. #16]** is **GRANTED** in part and **DENIED** in part. Defendant's Motion for Judgment on the Pleadings **[Doc. #17]** is **DENIED**. This case is REMANDED for further proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. §405(g). See Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000);

42 U.S.C. §1383(c)(3).

In light of the Court's findings above, it need not reach the merits of plaintiff's remaining argument. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion. On remand, the Commissioner shall address the other claim of error not discussed herein.

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #23] on September 25, 2018, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport, Connecticut this 5th day of December 2018.

>       /s/
> HOLLY B. FITZSIMMONS
> UNITED STATES MAGISTRATE JUDGE